UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE BASIRICO,
Guardian and Conservator for
KYLE MOFFITT,

        Plaintiff,

vs.

Case No. 05-CV-74691
HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (#20)

    Plaintiff Christine Basirico moves for reconsideration of this court's December 5, 2006 Order to the extent Basirico was ordered to file an amended complaint to allege with particularity the time, place, and manner that the "Our Commitment to Policy Holders" document was communicated to Kyle Moffitt or Moffitt's representatives. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

    In Count I, Basirico alleges silent fraud premised on State Farm's failure to disclose all available no-fault insurance benefits. The court granted State Farm's motion to dismiss the silent fraud claim to the extent it alleged State Farm owed a duty to disclose arising from the Uniform Trade Practices Act, M.C.L. § 500.2001 et seq., or the insurer-insured relationship. State Farm's motion to dismiss the silent fraud claim was denied to the extent the claim is predicated on State Farm's alleged voluntary assumption of a duty to explain available insurance benefits, coupled with State Farm's alleged affirmative fraudulent misrepresentations and omissions of material fact. To support the claim that State Farm

voluntarily assumed a duty "to disclose to Kyle Moffitt carefully and fully all benefits available under the insurance policy," Basirico attached as Exhibit B to the First Amended Complaint a document titled "Our Commitment to Policy Holders," which reads in part:

### Our Commitment to Our Policy Holders
_____

*It is the responsibility of the State Farm claim staff to implement Company philosophy with respect to claim handling.  Our commitment to our policy-holders is to treat them like a good neighbor.  We should:*

\*     \*     \*

• Explain all relevant coverages under the policy.  Encourage policyholders to report all losses and avail themselves of all benefits under their coverages.

\*     \*     \*

• Communicate with and be responsive to inquiries from insureds and their attorneys by promptly answering letters and phone calls.

Consistent with State Farm's argument that Basirico failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b), the court reasoned:

> . . . . Basirico has alleged the time, place, and content of alleged misrepresentations made by State Farm adjusters Betty Robinson and Angela Murphy, a fraudulent scheme, fraudulent intent, and a resulting injury. See First Amended Complaint, ¶ 35, at 8-9. Coffey v. Foamex L.P., 2 F.3d 157, 161-162 (6th Cir. 1993).  The alleged scheme included State Farm's voluntary assumption of a duty to "[e]xplain all relevant coverages under the policy" followed by an intentional and fraudulent failure to disclose. See First Amended Complaint, ¶ 34, at 8 and attached Exhibit B.  Coffey, 2 F.3d at 161-162. Basirico's only material omission is an allegation of the time, place, and receipt of the "Our Commitment to Our Policy Holders" document by Moffitt or his representatives.  In that a viable silent fraud claim depends on Basirico's proof of State Farm's voluntary assumption for a duty to explain all relevant coverages as evidenced by the document, Basirico is required by Rule 9(b) to plead when, where, and by whom the "Our Commitment to Our Policy Holders" document was communicated to Moffitt or his agents. Coffey, 2 F.3d at 161-162.  Basirico should be permitted to correct this pleading deficiency through the filing of an amended complaint. See Fed. R. Civ. P. 15(a). . . . .

December 5, 2006 Order, at 13-14.

Basirico argues the court erred by ruling that the viability of the silent fraud claim depends on amending the claim to allege the time, place, and Moffitt's receipt of the "Our

Commitment to Our Policy Holders" document. Basirico asserts that the alleged misrepresentations made by State Farm adjusters following Beverly Hill's benefit inquiries support a claim of silent fraud independent of the "Our Commitment to Our Policy Holders" document. Basirico also argues that proof of the silent fraud claim does not require proof that Moffitt or his agents knew State Farm voluntarily assumed the duty to carefully and fully disclose all no-fault insurance benefits available under the policy, drawing an analogy to "Good Samaritan" cases.

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

Basirico's motion for reconsideration is without merit. As opposed to negligence and the "Good Samaritan" cases relied upon by Basirico, fraud requires proof of the plaintiff's action in reasonable reliance on the alleged misrepresentation. Hi-Way Motor Co. v. International Harvester Co., 398 Mich. 330, 336, 247 N.W.2d 813 (1976). If Moffitt or his representatives never received a copy of the "Our Commitment to Our Policy Holders" document, Basirico cannot prove that Moffitt or his representatives reasonably relied on the unknown assurances therein as a circumstance creating a legal or equitable duty on the part of State Farm not to suppress information. Hord v. Environmental Research Institute of Michigan, 463 Mich. 399, 412, 617 N.W.2d 543 (2000). Whether Basirico can maintain a silent fraud claim based solely on State Farm adjusters' responses to Beverly Hill's inquiries remains open to dispute under the court's December 5, 2006 Order; Basirico was merely given an opportunity to plead the alleged silent fraud claim with requisite

particularity should Basirico choose to rely on the "Our Commitment to Our Policy Holders" document as proof of fraud. Absent amendment, the "Our Commitment to Our Policy Holders" document does not support the silent fraud claim as a matter of law.

Basirico has failed to demonstrate palpable error. Accordingly, Basirico's motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated: January 4, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 4, 2007, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---