UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE BASIRICO,
Guardian and Conservator for
KYLE MOFFITT,

        Plaintiff,

vs.

        Case No. 05-CV-74691
        HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH COURT'S ORDER AND FRCivP 12(b)(6) (#84)

      Defendant State Farm moves to dismiss plaintiff Christine Basirico's claims of silent fraud, fraudulent misrepresentation, and negligence pursuant to an asserted violation of the court's December 5, 2006 Order. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

      Basirico, as guardian and conservator for Kyle Moffitt, alleges that State Farm has failed to pay reasonable agency prices for no-fault attendant care services, and that State Farm is liable under various theories of recovery, including silent fraud, fraudulent misrepresentation, and negligence. In a December 5, 2006 Order, the court denied State Farm's motion to dismiss Basirico's silent fraud claim as premised on representations made in a State Farm document titled "Our Commitment to Policy Holders." The court instead

granted Basirico leave to amend the silent fraud claim to allege with particularity when, where, and by whom the document was communicated to Moffitt or his agents. See Fed. R. Civ. P 9(b) (requiring fraud to be pleaded with particularity); Coffey v. Foamex L.P., 2 F.3d 157, 161-162 (6th Cir. 1993) (recognizing that "at a minimum," Rule 9(b) requires the plaintiff to "allege the time, place, and content of the alleged misrepresentation on which he or she relied . . . ."). Basirico's motion for reconsideration of the ruling was denied on January 4, 2007:

> Basirico's motion for reconsideration is without merit. As opposed to negligence and the "Good Samaritan" cases relied upon by Basirico, fraud requires proof of the plaintiff's action in reasonable reliance on the alleged misrepresentation. Hi-Way Motor Co. v. International Harvester Co., 398 Mich. 330, 336, 247 N.W.2d 813 (1976). If Moffitt or his representatives never received a copy of the "Our Commitment to Our Policy Holders" document, Basirico cannot prove that Moffitt or his representatives reasonably relied on the unknown assurances therein as a circumstance creating a legal or equitable duty on the part of State Farm not to suppress information. Hord v. Environmental Research Institute of Michigan, 463 Mich. 399, 412, 617 N.W.2d 543 (2000). Whether Basirico can maintain a silent fraud claim based solely on State Farm adjusters' responses to Beverly Hill's inquiries remains open to dispute under the court's December 5, 2006 Order; Basirico was merely given an opportunity to plead the alleged silent fraud claim with requisite particularity should Basirico choose to rely on the "Our Commitment to Our Policy Holders" document as proof of fraud. Absent amendment, the "Our Commitment to Our Policy Holders" document does not support the silent fraud claim as a matter of law.

State Farm now moves for dismissal of Basircio's silent fraud claims, arguing Basircio has "violated" the December 5, 2006 Order by failing to file an amended complaint. State Farm notes that the court granted leave to amend in another matter before the court, Van Eamon v. State Farm, 05-CV-72638, limiting the filing of an amended complaint until February 16, 2007. State Farm asserts it is also entitled to dismissal of each of Basirico's silent fraud, fraudulent misrepresentation, and negligence claims under Rule 12(b)(6)

because the "Our Commitment to Policy Holders" document was never communicated to State Farm insureds such as Moffitt, and the document was first published in 1997, well after Moffitt's April 13, 1989 motor vehicle accident.

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328, 330 (6th Cir. 1990). Generally, matters outside the pleadings are not to be considered by the court in reviewing a motion to dismiss. Weiner v. Klais and Co., Inc., 108 F.3d 86, 88-89 (6th Cir. 1997).

Basirico is not in "violation" of the December 5, 2006 Order. Basirico was granted leave to file an amended silent fraud claim with respect to the "Our Commitment to Policy Holders" document to cure the pleading defect of failing to allege the claim with particularity as required by Rule 9(b), that is, to allege when, where, and by whom the document was communicated to Moffitt or his agents. As reasoned in the December 5, 2006 and January 7, 2007 Orders, that part of Basirico's silent fraud claim premised on representations made in the "Our Commitment to Policy Holders" document, as currently alleged, fails to state a claim on which relief may be granted in the absence of factual allegations that support the necessary element of reasonable reliance. Hi-Way Motor Co., 398 Mich. at 336. To survive a motion to dismiss under Rule 12(b)(6), a claim "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984)). State Farm remains entitled to dismissal of Basirico's claim of silent fraud

premised on representations made in the "Our Commitment to Policy Holders" as the claim is currently set forth. Accordingly, the court will dismiss the claim, without prejudice, allowing Basirico to seek leave to add the claim later in these proceedings should Basirico uncover factual support for the reasonable reliance element of the claim, alleging with particularity when, where, and by whom the document was communicated to Moffitt or his agents. The parties are reminded that leave to file an amended complaint may be denied as futile if the amended claim would not survive a motion to dismiss. See Foman v. Davis, 371 U.S. 178, 182 (1962); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir. 1991); Head v. Jellico Hous. Auht., 870 F.2d 1117, 1124 (6th Cir. 1989).

The remainder of State Farm's motion to dismiss is not well taken. Basirico's failure to file an amended silent fraud claim premised on the "Our Commitment to Policy Holders" document does not merit dismissal of Basirico's remaining silent fraud claims, or claims of fraudulent misrepresentation and negligence. State Farm's previous motion to dismiss these claims was denied in the December 5, 2006 Order, and the allegations remain the same. In ruling on the current motion to dismiss, the court may not rely on State Farm's assertions outside the pleadings as to when the "Our Commitment to Policy Holders" document was first published, and to whom the document was distributed. Weiner, 108 F.3d at 88-89. In closing, the court clarifies that its Order issued in Van Eamon is irrelevant with respect to these proceedings and the instant motion.

State Farm's motion to dismiss is hereby GRANTED, IN PART, but ONLY as to Basirico's currently alleged claim of silent fraud premised on the "Our Commitment to Policy Holders" document. Basirico's claim of silent fraud premised on the "Our Commitment to Policy Holders" document ONLY is hereby DISMISSED, without prejudice. State Farm's

motion to dismiss Basirico's remaining claims of silent fraud, fraudulent misrepresentation, and negligence is hereby DENIED.

SO ORDERED.

Dated:  April 23, 2007

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 23, 2007, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---