UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE BASIRICO,
Guardian and Conservator for
KYLE MOFFITT,

        Plaintiff,

vs.

Case No. 05-CV-74691
HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

ORDER DENYING STATE FARM'S RENEWED MOTION TO DISMISS (#90)

Defendant State Farm renews its motion to dismiss plaintiff Christine Basirico's claims under the Michigan's Consumer Protection Act ("MCPA"), M.C.L. §§ 445.901 et seq., pursuant to the Michigan Supreme Court's recent March 21, 2007 denial of leave to appeal[1] the decision in Grant v. AAA Michigan, Wisconsin, Inc. (On Remand), 272 Mich. App. 142, 724 N.W.2d 498 (2006). State Farm also renews its motion to dismiss Basirico's fraud, silent fraud, and negligence claims pursuant to the Michigan Court of Appeals decision in Cooper v. Auto Club Ins. Assoc., No. 261736, 2006 WL 3373078 (Mich. Ct. App. Nov. 21, 2006) (unpublished). Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

On December 5, 2006, this court issued a 23-page Order granting in part State

---

[1] Grant v. AAA Michigan/Wisconsin, Inc., No. 132211, 477 Mich. 1043, 728 N.W.2d 227 (2007).

Farm's motion to dismiss as it pertained to Basirico's silent fraud claims premised on an alleged duty to disclose under Michigan's Uniform Trade Practices Act ("UTPA"), M.C.L. § 500.2001 et seq., and an alleged duty to disclose arising from the insurer-insured relationship.  The court denied the remainder of Basirico's motion to dismiss, and also ruled that, by operation of the "one-year back" rule of M.C.L. § 500.3145(1): "Basirico's recovery of no-fault insurance benefits, under any theory of recovery, is limited as a matter of law under M.C.L. § 500.3145(1) to no-fault benefits owing on or after December 9, 2004." December 5, 2006 Order, at 23.  Relying in part on the Michigan Court of Appeals decision in Grant, 272 Mich. App. at 142, this court explained:

> This is not to say that State Farm is entitled to dismissal of Basirico's claims of silent fraud, fraudulent misrepresentation, negligence, or violations of the UTPA as actionable under the MCPA.  Absent significant legal development by the parties, it remains possible for Basirico to develop a factual record at trial that would support recovery under these non-contractual claims for damages *other than* damages for the recovery of no-fault insurance benefits.  Under the plain and unambiguous wording of M.C.L. § 500.3145(1), the "one-year back" rule applies only to the recovery of no-fault insurance benefits.  Construing the pleadings in a light most favorable to Basirico, State Farm is not entitled to dismissal of Basirico's claims of silent fraud, fraudulent misrepresentation, negligence, or violations of the UTPA as actionable under the MCPA based solely on application of the "one-year back" rule of M.C.L. § 500.3145(1).  Conley, 355 U.S. at 45-46.

December 5, 2006 Order, at 22 (emphasis in original).

State Farm's renewed argument that the Michigan Supreme Court's recent denial of leave to appeal in Grant now warrants dismissal of Basirico's MCPA claims and tort claims as only seeking damages for unpaid no-fault insurance benefits is without merit. The court's December 5, 2006 Order is consistent with the Michigan Supreme Court's denial of leave to appeal in Grant, and the possibility that Basirico could develop a factual record that would support recovery of damages other than the recovery of unpaid no-fault

benefits remains unchanged by the March 21, 2007 denial of leave to appeal. This court's reasoning in the December 5, 2006 Order remains unaffected by the Michigan Supreme Court's denial of leave to appeal in Grant.

State Farm's renewed motion for dismissal based on the Michigan Court of Appeals unpublished November 21, 2006 decision in Cooper is also without merit. State Farm advanced Cooper as persuasive authority in its December 4, 2006 "Supplemental Brief Pursuant To New Authority," one day before the court issued the December 5, 2006 Order. Cooper does not constitute new authority for re-evaluating the court's prior decision. To the extent State Farm seeks reconsideration on the basis of Cooper, the motion is not well taken. See E.D. Mich. LR 7.1(g)(3) (recognizing that the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court).

For the reasons set forth above, State Farm's renewed motion to dismiss is hereby DENIED.

SO ORDERED.

Dated: May 23, 2007

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 23, 2007, by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk