UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE BASIRICO,
Guardian and Conservator for
KYLE MOFFITT,

        Plaintiff,

vs.

Case No. 05-CV-74691
HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (#155)

Plaintiff Christine Basirico moves for reconsideration of this court's June 18, 2008 Order granting in part defendant State Farm's motion for partial summary judgment. The court granted summary judgment in favor of State Farm as to: (1) Basirico's claims of silent fraud, fraud/misrepresentation, negligence, and violations of Michigan's Consumer Protection Act (MCPA), M.C.L. §§ 445.901, et seq.; and (2) Basirico's claims for contractual and non-contractual damages beyond the "one-year back" rule of M.C.L. § 500.3145.

In moving for reconsideration, Basirico proffers the recent June 25, 2008, Michigan Supreme Court opinion of Cooper v. Auto Club Ins. Assoc., 481 Mich. 399, 751 N.W.2d 443 (2008), holding that a common law cause of action for fraud is not subject to the "one-year back" rule of M.C.L. § 500.3145(1) because fraud is an independent tort action distinct from a claim for personal protection insurance benefits under Michigan's No-Fault Act. Id. at

401. Basirico argues that, contrary to this court's analysis, the Michigan Supreme Court recognized that the insurer-insured relationship is sufficient to create a duty imposed by law not to deceive insureds, the breach of which is actionable in fraud. Cooper, 481 Mich. at 409. Basirico asserts that the court also erred by ruling that the alleged misrepresentations made by State Farm claim adjusters in this case were mere opinions as opposed to actionable representations of past or existing fact. Basirico continues that the court improperly granted summary judgment by making factual findings, weighing the credibility of witnesses, and granting summary judgment on issues not raised by State Farm. Basirico concludes by arguing that the court contradicted its previous rulings by granting summary judgment as to her claims of negligence.

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

Cooper was decided one week after the court issued its June 18, 2008 Order granting State Farm's motion for partial summary judgment. The Michigan Supreme Court clarified that: (1) independent claims of fraud are not governed by the Michigan No-Fault Act's "one year back" rule; and (2) an independent fraud claim may seek recovery of underpaid no-fault benefits without converting the claim into a claim for no-fault benefits governed by the "one year back" rule. Cooper, 481 Mich. at 401, 409, 412.

This court has consistently held throughout this lawsuit that Basirico's independent

claims of silent fraud, fraud/misrepresentation, negligence, and violations of the MCPA were not subject to dismissal under Rule 12(b)(6) for failure to state a claim on which relief may be granted, finding it remained possible for Basirico to develop a factual record at trial that would support recovery under these non-contractual clams. May 23, 2007 Order, at 2 (quoting December 5, 2006 Order, at 22). Although the court erred in its alternative ruling that Basirico could not recover underpaid no-fault benefits in tort beyond the "one year back" rule because such would constitute an impermissible conversion of a tort claim into a contractual claim for no-fault benefits, correction of this error does not result in a different disposition of State Farm's motion for summary judgment. E.D. Mich. LR 7.1(g)(3). Dismissal of Basirico's claims of silent fraud, fraud/misrepresentation, negligence, and violations of the MCPA on summary judgement is consistent with Cooper.

The Cooper court distinguishes the elements of a fraud claim from a contractual no-fault claim by explaining that a fraud claim does not arise from an insurer's omission to perform a contractual or statutory obligation, but from the insured's "separate and independent duty not to deceive the insureds, which duty is imposed by law as a function of the relationship of the parties." Cooper, 481 Mich. at 409. At the same time, the Cooper court instructs trial courts to carefully consider "whether insureds can satisfy the [reasonable] reliance factor." Cooper, 481 Mich. at 414. "[I]nsureds will ordinarily be unable to establish the reliance element with regard to misrepresentations made during the claims handling and negotiation process, because during these processes the parties are in an obvious adversarial position and generally deal with each other at arm's length." Id. at 415.

Where the insured has the same knowledge or means of knowledge as the

> insurer, the insurer cannot be regarded as occupying any fiduciary relationship that would entitle the insured to rely on the insurer's representations, and a settlement hastily made with the insurer under such circumstances will not be set aside for fraud. Insureds are bound to inform themselves of their rights before acting, and, if they fail to do so, they themselves are responsible for the loss.

Id. (citing Mayhew v. Phoenix Ins. Co., 23 Mich. 105 (1871)). Trial courts are further cautioned to ensure that the standard of proving fraud "by clear, satisfactory and convincing evidence" is met before a claim of fraud is permitted to proceed to trial. Id. at 414. To that end, trial courts must carefully examine whether alleged fraudulent statements are "statements of past or existing fact, rather than . . . good-faith opinions" and whether the alleged statements "are objectively false or misleading." Id. at 416. "The courts must distinguish between misrepresentations of fact, i.e., false statements of past and existing facts, and mere negotiations of benefits, i.e., the mutual discussion and bargaining preceding an agreement to pay PIP benefits." Id.

Construed in a light most favorable to Basirico, this court carefully considered the proffered deposition testimony of Kyle Moffitt's mother Beverly Hill, Moffitt's guardian Basirico, and State Farm claims adjusters Betty Robinson and Angela Hill in concluding that Basirico failed to proffer sufficient evidence to support requisite findings of a representation of a past or existing fact, an incomplete affirmation of fact, or reasonable reliance on the part of Hill or Basirico that the level of benefits paid by State Farm were beyond legal challenge. June 18, 2008 Order, at 5-11. While the insured-insurer relationship gives rise to a legal duty not to deceive, it does not impose a duty upon insurers to advise insureds of their legal rights. Id. at 9; Cooper, 481 Mich. at 415-416. As correctly reasoned by this court:

4

> After receiving Robinson's explanations, it was incumbent upon Hill and Basirico to seek legal assistance if they disagreed. The record does not support a finding that Hill and Basirico reasonably relied on Robinson's representations as unchallengeable, causing them to detrimentally eschew seeking legal advice.

June 18, 2008 Order, at 11 (citation omitted). See Cooper, 481 Mich. at 415-416. The court did not err in construing the evidence on summary judgment. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Neither did the court weigh the credibility of the deponents or engage in impermissible fact finding.

Basirico's argument that she was without notice that her non-contractual claims were being challenged on summary judgment is without merit. In responding to State Farm's motion, Basirico was required to proffer evidence that would allow a reasonable jury to find for Basirico on her claims of silent fraud, fraud/misrepresentation, negligence, and violations of the MCPA. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986); McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Basirico proffered deposition testimony and other record evidence in support of her claims, albeit, insufficient evidence. In moving for reconsideration, Basirico likewise fails to proffer sufficient evidence to support her claims. Basirico proffers 80 pages of a claim file without accompanying analysis. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." McPherson v. Kelsey, 125 F.3rd 989, 995-996 (6th Cir. 1997). Basirico has not shown that the court committed an erroneous contradiction in dismissing her negligence claims on summary judgment. The court finds Basirico's arguments regarding her MCPA claims are also without merit, raising the same issues already addressed by the court.

Basirico has failed to demonstrate that correction of a palpable error in the Court's June 18, 2008 Order would result in a different disposition of State Farm's motion for partial summary judgment. Accordingly,

Basirico's motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated: August 11, 2008

                                             s/George Caram Steeh
                                             GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 11, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk